**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) W.M.K., Inc. d/b/a MOBILITY WORKS, ) ) Defendant. ) ) | CIVIL ACTION NO. **COMPLAINT AND JURY DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Patricia Miller who was adversely affected by such practices. As set forth with greater particularity in paragraph 7, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant W.M.K., Inc., d/b/a Mobility Works violated Title VII of the Civil Rights Act by discharging one of its sales associates, Patricia Miller, because of her sex.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed both at the Saginaw, Michigan store, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Northern Division, and at the company's headquarters in Akron, Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continually been an Ohio corporation doing business in the state of Michigan and the city of Saginaw, and has continuously had in excess of fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Pamela Miller filed a charge with the Commission alleging that Title VII had been violated by Defendant. All conditions precedent to filing this lawsuit have been fulfilled.

7. Since at least November 2010, Defendant Employer engaged in unlawful employment practices at its Saginaw, Michigan store in violation of Section 703(a), 42 U.S.C. § 2000e-2(a), when it terminated Patricia Miller, because of her sex. In November 2010, Defendant Employer demoted Miller to a sales position and transferred a man to the general manager position to take her place. When Defendant Employer demoted her, Defendant Employer claimed it needed her in sales. Four months later, on March 1, 2011, Defendant Employer terminated Miller even though her sales exceeded those of male sales associates.

8. The effect of the conduct complained of in paragraph 7, above, has been to deprive Miller of equal employment opportunities and otherwise adversely affect her status as an employee.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Miller.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discharging any employee because of sex.

B.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.    ORDER Defendant Employer to make whole Miller by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    ORDER Defendant to make whole Miller by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E.    ORDER Defendant to make whole Miller by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be determined at trial.

F.    ORDER Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above in amounts to be proven at trial.

G.    GRANT such further relief as the Court deems necessary and proper in the public interest.

H.    AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

  /s/ Laurie A. Young
LAURIE A. YOUNG
Regional Attorney


  /s/ Kenneth L. Bird
KENNETH L. BIRD
Acting Supervisory Trial Attorney


  /s/ Nedra D. Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
nedra.campbell@eeoc.gov

Date: December 20, 2012              Tel. No. (313) 226-3410